# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1919V
UNPUBLISHED

| | |
|---|---|
| COLLEEN SEXTON,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: November 1, 2021<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*James M. Merrigan*, Rawson, Merrigan & Litner, LLP, Boston, MA, for Petitioner.

*Adriana Ruth Teitel*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On December 18, 2019, Colleen Sexton filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*.[2] (the "Vaccine Act"). Petitioner alleges that she suffered "a tear of the right rotator cuff, which was 'caused in fact' by her receipt" of an influenza ("flu") vaccine that was administered to her on October 25, 2017. Petition at 1.[3] The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 8, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On October 29, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $63,040.00 (comprised

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Petitioner subsequently stated that she "is alleging that she suffered a shoulder injury that falls within the 'Vaccine Injury Table' and is compensable." ECF No. 21.

of $62,500.00 in pain and suffering and $540.00 in past unreimbursable expenses). Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $63,040.00 (comprised of $62,500.00 in pain and suffering and $540.00 in past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                                               **s/Brian H. Corcoran**
                                               Brian H. Corcoran
                                               Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| COLLEEN SEXTON,<br><br>                Petitioner,<br><br>        v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | No. 19-1919V<br><br>Chief Special Master Corcoran (SPU)<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On December 18, 2019, Colleen Sexton ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended.  The Petition alleged petitioner suffered "a tear of the right rotator cuff, which was 'caused in fact' by her receipt" of flu vaccine on October 25, 2017. Petition at 1.  In a status report, petitioner subsequently stated that she "is alleging that she suffered a shoulder injury that falls within the 'Vaccine Injury Table' and is compensable." January 4, 2021 Status Report, ECF No. 21.

On June 7, 2021, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a shoulder injury related to vaccine administration ("SIRVA") Table injury, and on June 8, 2021, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF Nos. 31 and 32.

1

I.   **Items of Compensation**

    A.   Pain and Suffering

Respondent proffers that petitioner should be awarded $62,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.   Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $540.00. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II.   **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following: a lump sum payment of $63,040.00, in the form of a check payable to petitioner.[1]

III.   **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Colleen Sexton:   **$63,040.00**

                            Respectfully submitted,

                            BRIAN M. BOYNTON
                            Acting Assistant Attorney General

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

                C. SALVATORE D'ALESSIO
                Acting Director
                Torts Branch, Civil Division

                HEATHER L. PEARLMAN
                Deputy Director
                Torts Branch, Civil Division

                LARA A. ENGLUND
                Assistant Director
                Torts Branch, Civil Division

                *s/ Adriana Teitel*
                ADRIANA TEITEL
                Trial Attorney
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 146, Benjamin Franklin Station
                Washington, DC 20044-0146
                Tel:  (202) 616-3677
                Email: adriana.teitel@usdoj.gov

Dated: October 29, 2021