# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1919V
(not to be published)

| | |
|---|---|
| COLLEEN SEXTON,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: April 14, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*James M. Merrigan*, Rawson, Merrigan & Litner, LLP, Boston, MA, for Petitioner.

*Adriana Ruth Teitel*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEY'S FEES AND COSTS**[1]

On December 18, 2019, Colleen Sexton filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered "a tear of the right rotator cuff, which was 'caused in fact' by her receipt" of an influenza vaccine that was administered to her on October 25, 2017. (Petition at 1).[3] On November 1, 2021, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 39).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Petitioner subsequently stated that she "is alleging that she suffered a shoulder injury that falls within the 'Vaccine Injury Table' and is compensable." ECF No. 21.

Petitioner has now filed a motion for attorney's fees and costs, dated February 3, 2022 (ECF No. 43), requesting a total award of $21,668.67 (representing $20,885.00 in fees and $783.67 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 43-3). Respondent reacted to the motion on February 8, 2022, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. (ECF No. 44). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

A. Hourly Rates

Petitioner is requesting the rate of $485 per hour for all time billed between the years 2019-22 by attorney James Merrigan. (ECF No. 43-1 at 5-8). In addition, Petitioner requests the following rates for the additional attorneys that worked on this matter: C. Fletcher at the rate of $225 for time billed between 2017 – 2018; for attorney Nicole Avitable, the rate of $325 for time billed between 2019 – 2020; and for paralegal Dallane Quintero the rate of $165 for time billed between 2018 – 2020. (*Id*). I find reductions of the requested rates appropriate for the reasons listed below.

i. James Merrigan

Mr. Merrigan has been licensed since 1996, placing him in the range of attorneys with 20 – 30 years' experience on the OSM Attorney Fees Rate Schedule.[4] (ECF No. 43-4 at 1). Mr. Merrigan's requested rate exceeds, however, what an attorney with comparable overall legal experience (including those with a lack of vaccine petition-specific experience) would receive in the Vaccine Program. *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). When determining the appropriate hourly rate within these ranges, I consider the additional factors set forth in *McCulloch*: experience in the Vaccine Program, overall legal experience, the quality of work performed, and reputation in the legal community and community at large. *McCulloch,* 2015 WL 5634323, at *17.

Mr. Merrigan does not have significant demonstrated Vaccine Act experience to support his requested rates, since this matter is his first Program case that has been resolved fully.[5] It is for this reason I find it appropriate to reduce the requested hourly rates for his time billed on this matter to something more in line with his Vaccine Program experience and overall legal experience, and therefore award the following rates: $390 per hour for 2019; $415 per hour for 2020; $430 per hour for 2021 and $440 per hour for 2022. Based upon the rates I am permitting for Merrigan, the amount of fees to be awarded in this case is reduced by **$1,929.00**.[6]

---

[4] These rates are derived from application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[5] Court records show that Mr. Merrigan has four additional cases open and pending before the Court.

[6] This amount consists of: ($485 - $390 = $95 x 9.5 hrs = $902.50) + ($485 - $415 = $70 x 4.2 hrs = $294) + ($485 - $430 = $55 x 12.5hrs = $687.50) + ($485 - $440 = $45 x 1hr = $45) = $1,929.00.

ii. Associate Attorneys

The requested rate for Mr. Fletcher is reasonable and consistent with what has previously been awarded, and I find no reason to he performed for other petitioners.

The rate requested for Ms. Avitabile, however, exceeds her respective ranges on the OSM Attorney Fees Rate Schedule. Just as with Mr. Merrigan, Ms. Avitabile does not have demonstrated Vaccine Act experience, and it is therefore improper for her to receive rates established for comparably-experienced counsel who *also* have lengthy experience in the Program. *McCulloch*, 2015 WL 5634323, at *17. Ms. Avitabile has been a licensed attorney since 2015[7], placing her in the range of attorney with 4 – 7 years experience for her time billed. Accordingly, I find it reasonable to reduce her requested rates the following: $250 for 2019, and $275 for 2020, further reducing the fees to be awarded by the amount of **$267.50**.[8]

iii. Paralegal

The requested paralegal rate for work performed by Dallane Quinteroin 2019 exceeds the range on the Attorney Fee Rate Chart. I shall therefore reduce this requested rate to $156 per hour for 2019. This additionally reduces the fees to be awarded by the amount of **$24.00**.[9]

B. Paralegal Tasks at Attorney Rates

Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21

---

[7] This information was obtained independently by this Court.
https://profiles.superlawyers.com/massachusetts/boston/lawyer/nicole-marie-avitabile/e865fc44-66aa-42e4-b6b1-6c5e872e3a77.html

[8] This amount consists of ($325 - $250 = $75 x 2.3 hrs = $172.50) + ($325 - $275 = $50 x 1.9 hrs = $95) = $267.50.

[9] This amount consists of: $165 - $153 = $12 x 2 hrs = $24.00.

(Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Over five hours were billed on tasks that are more properly characterized as paralegal tasks, including requesting medical records, and filing documents. A few non-exhaustive examples of these entries include:

- February 28, 2018 (0.20 hrs) "Sent bill request to Tufts Anesthesia for physician anesthesia billing for 2/12/18 injection";

- March 9, 2018 (0.40 hrs) "Received bills from Tufts. Itemized out of pocket expenses";

- April 25, 2018 (0.30 hrs) "Called Tufts records dept. They stated they will overnight the records and apologized for the delay. Asked that I re-send request via fax. Faxed request.";

- May 8, 2018 (0.30 hrs) "Sent records and bills reqs. to New England Baptist Hospital & Boston Sports & Shoulder Center"; and

- April 13, 2018 (0.80 hrs) "saved b/r received, sent out med request for missing b/r."

(ECF No. 43-1 at 2-4)

I shall reduce the rates for these tasks to the following: $253 per hour for tasks billed in 2018; $156 per hour for tasks billed in 2019; and $163 per hour for tasks billed in 2020. These rates are comparable to what a paralegal would receive. This reduces the awardable attorney fees by **$585.90**.[10]

## ATTORNEY COSTS

Petitioner requests $783.67 in overall costs. (ECF No. 43 at 1). This amount is comprised of obtaining medical records, shipping fees and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall therefore award them in full.

---

[10] This amount consists of: ($225 - $153 = $72 x 4.2 hrs = $302.40) + ($390 - $156 = $234 x 1.1 hrs = $257.40) + ($250 - $155 = $163 x 0.30 hrs = $26.10) = $585.90.

5

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$18,862.27** (representing $18,078.60 in fees and $783.67 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[11]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[11] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.